IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**JOSEPH L. RIVERS,**
        **Plaintiff,**

vs.                                          **Case No: 3:05cv412/MCR/MD**

**JAMES V. CROSBY, et al.,**
        **Defendants.**

___

**REPORT AND RECOMMENDATION**

      **Plaintiff, an inmate proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983 (doc. 1) and a motion for temporary restraining order (doc. 3).  At the time plaintiff filed his complaint and motion he was incarcerated at Santa Rosa Correctional Institution ("Santa Rosa CI").  He has since been transferred to Florida State Prison (doc. 12).  The motion for temporary restraining order seeks an order requiring defendants (James Crosby and various Santa Rosa CI officials) to provide him with a kosher diet and to "immediately transfer the plaintiff to F.S.P. [Florida State Prison] where the kosher diet is provided to other inmate[s] housed on CM. . . ."  (doc. 7).**

      **Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court.  *Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)); *Johnson v. Radford*, 449 F.2d 115 (5th Cir. 1971).  The district court, however, must exercise its discretion in the light of whether:**

      **1.  There is a substantial likelihood that plaintiff will prevail on the merits;**

      **2.  There exists a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted;**

**3. The threatened injury to plaintiff outweighs the threatened harm injunction will do to the defendant; and**

**4. The granting of the preliminary injunction will not disturb the public interest.**

*CBS Broadcasting, Inc. v. Echostar Communications Corp.,* 265 F.3d 1193, 1200 (11th Cir. 2001); *Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000); *Johnson v. United States Department of Agriculture*, 734 F.2d 774 (11th Cir. 1984); *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974).  Furthermore, "[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv. v. Bethesda Memorial Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Because plaintiff is no longer confined at Santa Rosa CI, there is no substantial threat that plaintiff will suffer irreparable injury if the restraining order/injunction is not granted.  Thus, plaintiff fails to meet the prerequisites for injunctive relief.  Moreover, because plaintiff has received the transfer he seeks from this court, his motion appears moot.[1]

---

[1] "A claim for injunctive relief may become moot if: (1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Siegel v. Lapore*, 234 F.3d 1163, 1172-73 (11th Cir. 2000) (quoting *Reich v. Occupational Safety & Health Review Comm'n*, 102 F.3d 1200, 1201 (11th Cir. 1997)); *accord Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (inmate's release from prison mooted claim for declaratory and injunctive relief); *Tucker v. Phyfer*, 819 F.2d 1030, 1035 (11th Cir. 1987) (claim of prisoner seeking declaratory relief regarding conditions in which he was held as a juvenile became moot when he reached the age of majority); *McKinnon v. Talladega County,* 745 F.2d 1360, 1363 (11th Cir. 1984) (inmate's transfer to a different jail moots claim for declaratory and injunctive relief); *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984) (transfer from county jail to state prison mooted claims for injunctive and declaratory relief against county jailers); *Thompson v. Carter*, 284 F.3d 411 (2nd Cir. 2002) (transfer to different facility); *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (same); *Lamb v. Bumpus*, 52 Fed.Appx. 740, 741 (6th Cir. 2002) (transfer from county jail); *Crocker v. Durkin*, 53 Fed.Appx. 503 (10th Cir. 2002) (transfer to different federal penitentiary); *Mayfield v. Fleming*, 32 Fed.Appx. 116 (4th Cir. 2002); *but see Johnson v. Turpin*, 2001 WL 520804 (11th Cir. 2001) (prisoner's claim for injunctive relief not moot because he alleged that prisoners were routinely returned to the particular facility and that he had in fact been returned to that facility three times in one year).  In the instant case, plaintiff's allegations fail to suggest there is a reasonable expectation he will be returned to Santa Rosa CI under the same circumstances as those alleged in the complaint and motion for TRO, and thus be exposed to the same unconstitutional conditions.

*Case No: 3:05cv412/MCR/MD*

**Accordingly, it is respectfully RECOMMENDED:**

**That plaintiff's motion for temporary restraining order (doc. 3) be DENIED.**

**At Pensacola, Florida, this 25th day of January, 2006.**

/s/ *Miles Davis*
    **MILES DAVIS**
    **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**